IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EUGENE C. SAUNDERS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3564-CV-S-RED-H |
| ) | |
| ROBERT McFADDEN, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that leave to proceed in forma pauperis be denied.

As grounds for relief in habeas corpus, petitioner contends that his sentence has been unconstitutionally enhanced under Blakely v. Washington, 124 S. Ct. 2531 (2004).

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Petitioner questions the jurisdiction of the sentencing court to have enhanced his sentence under Blakely, and attempts to raise a claim of actual innocence of the unconstitutionally enhanced sentence

before this Court. Regarding petitioner's contention that he is being detained in violation of his legal sentence, in violation of Blakely, the Supreme Court held in United States v. Booker, —S. Ct. —, 2005 WL 50108 (January 12, 2005), that the federal sentencing guidelines are not mandatory, but rather, advisory. Booker, —U.S.—, at —, 125 S.Ct. 738, 2005 WL 50108, at *16 (2005). Therefore, this dismissal is without prejudice to petitioner's right, if any, to bring a Booker challenge in the sentencing court. It should be noted, however, that most courts to consider the issue under § 2241 or § 2255 have denied relief to petitioners, noting that the Supreme Court in Booker did not expressly declare it to be retroactive to cases on collateral review. 125 S.Ct. At —, 2005 WL 50108 at *29 (opinion of Breyer, J.)(expressly limiting the holding to "all cases on direct review"). E.g. In re Anderson, 2005 WL 123923, *3-4 (11th Cir. 2005)(denying relief under § 2255); Godines v. Joslin, 2005 WL 177959, *1-2 (N.D.Tex. 2005) (denying relief under § 2241); Hamlin v. United States, 2005 WL 102959, *1-2 (D.Me. 2005) (denying relief under § 2255); United States v. Johnson, 2005 WL 170708, *1 (E.D.Va. 2005) (no relief under § 2255); c.f., United States v. Siegelbaum, 2005 WL 196526, *1-4 (D.Or. 2005) (even assuming that Booker is retroactive, petitioner not entitled to relief under § 2255 because relief limited to persons presently serving a sentence that was enhanced on the basis of *contested facts* that were not found to be true, beyond a reasonable doubt, nor admitted by the defendant, and then petitioner is arguably entitled only to have sentencing facts adjudicated under the proper standard of proof). Therefore, whether the sentencing court would consider the merits of petitioner's claims is a question beyond the purview of this Court.

Although petitioner attempts to construe his claim as one for relief under 28 U.S.C. § 2241, a careful reading of his petition indicates that he is, in fact, challenging his sentence. Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of § 2241. The issues he raises

are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate

Date: 2/9/05